UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GERALD WAYNE COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-261-GFVT |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN ROOT, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

***** ***** ***** *****

Gerald Wayne Collier, an individual incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [R. 2] The Court has granted his request to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Collier is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.**

On December 31, 2003, Collier was stopped by police officers while driving in East Bernstadt, Kentucky for driving under the influence. The officers, including Defendant Root, searched Collier and discovered $643 in cash and a small quantity of marijuana, which were confiscated as evidence. Collier was taken into custody, and the officers subsequently discovered that there was an outstanding federal warrant for Collier's arrest. While state charges were filed against Collier, *Commonwealth v. Collier*, 04-F-00003, London District Court, he indicates that they were dropped in favor of the pending federal charges. However, the money that was confiscated was never returned to him.

On November 12, 2008, Collier filed a motion in London District Court seeking return of the $643 in cash confiscated in 2003. The District Court denied that motion on December 16, 2008, finding that when it had "ceded jurisdiction" of the matter to the federal court, it lost jurisdiction over the funds. Collier filed a notice of appeal to the London Circuit Court on December 26, 2008. Collier asserted that the failure or refusal to return the confiscated money violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. On April 14, 2009, the circuit court affirmed the district court's decision on the same grounds. *Collier v. Commonwealth of Kentucky*, 09-XX-00001, London Circuit Court. Collier does not indicate whether he has pursued an appeal of that decision. However, Collier appears to indicate that he filed a notice of appeal to the Kentucky Court of Appeals in a letter sent to this Court on April 20, 2009.[1]

In his present Complaint, Collier asserts that the Defendants' failure or refusal to return the money confiscated in 2003 violates his constitutional rights to due process of law under the

---

[1] *United States v. Collier*, 05-CR-58-DCR, Eastern District of Kentucky [R. 103 therein]. The Court takes judicial notice of its own records pursuant to Federal Rule of Evidence 403.

Fifth and Fourteenth Amendments and to be free from cruel and unusual punishment under the Eighth Amendment.

## II.

In light of the parallel proceedings before the courts of Kentucky, the Court concludes that the best course is to dismiss this action without prejudice. While "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *McClellan v. Carland*, 217 U.S. 268, 282 (1910), a federal court retains discretion to decline to exercise jurisdiction over a case in the exceptional circumstance where concerns regarding the wise administration of judicial resources outweigh the otherwise clear obligation to decide a case within the court's jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). The case pending in the state courts is parallel to the present proceeding because it involves the same subject matter and substantially identical legal claims. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998). While the Court may consider a number of factors in determining whether to abstain from exercising jurisdiction under *Colorado River*, of particular relevance here is the advanced stage of the proceedings in the Kentucky courts, the fact that Plaintiff himself invoked the jurisdiction of the Kentucky courts before seeking a federal venue as a second forum to press his claims, the desire to avoid piecemeal litigation, and concerns regarding potentially inconsistent judgments entered by equal sovereigns. *United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001).

The Court is also mindful that, were the Court to reach the merits of Collier's claims, both would fail as a matter of law. Collier may not sue the Commonwealth of Kentucky for violating his civil rights, as the States retain their immunity from suit in federal court as

preserved by the Eleventh Amendment, which deprives a federal court of jurisdiction to entertain a suit against a state and its agencies, *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), nor may the Commonwealth be sued under Section 1983 in the state courts, as "Congress [did not] intend[ ] by the general language of § 1983 to override the traditional sovereign immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The claim against defendant Root, based on conduct occurring no later than 2004, is barred by the applicable one-year statute of limitations. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

### III.

Accordingly, it is **ORDERED** that:

1. Collier's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate Judgment.

Entered on September 3rd, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge